IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SYLVESTER SLAY, JR., #304001 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-973-WHA-SMD |
| | ) | [WO] |
| KAY IVEY, Governor of Alabama, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Sylvester Slay, Jr., an inmate incarcerated at the Easterling Correctional Facility, brings this action under 42 U.S.C. § 1983. (Doc. 1). Plaintiff seeks to recover for injuries that he sustained while incarcerated at the Fountain Correctional Facility. *Id.* Plaintiff alleges that, on August 27, 2020, he was violently assaulted by a group of inmates at the Fountain Correctional Facility. *Id.* Plaintiff claims that the attack occurred due to a lack of security, understaffing and overcrowding at Fountain Correctional Facility. *Id.* For the following reasons, the undersigned magistrate judge RECOMMENDS that this case be transferred to the United States District Court for the Southern District of Alabama.

Under 42 U.S.C. § 1983, an action may be brought in: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28

1

U.S.C. § 1391(b). A district court may transfer a civil action to any other district where the action could have been brought if doing so would be in the interest of justice. 28 U.S.C. § 1404(a); *see also* 28 U.S.C. § 1406(a); 28 U.S.C. § 1631.

The Fountain Correctional Facility is located in Atmore, Alabama. Atmore, Alabama, is within the jurisdiction of the United States District Court for the Southern District of Alabama. The actions underlying Plaintiff's Complaint occurred in that District. Most of the material witnesses and evidence in this case are located in that District. Moreover, Defendants are subject to service of process in that District. Thus, in the interest of justice and for the convenience of the parties, this case should be transferred to the United States District Court for the Southern District of Alabama.[1]

Accordingly, it is the RECOMMENDATION of the undersigned magistrate judge that this case be TRANSFERRED to the United States District Court for the Southern District of Alabama.

It is further ORDERED that the parties shall file any objections to this Recommendation on or before December 28, 2020. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the

---

[1] In transferring this case, the Court makes no determination as to the merits of Plaintiff's claims. Neither does the Court make any determination as to Plaintiff's Motion to Proceed *in Forma Pauperis*. (Doc. 2).

right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *See, e.g.*, *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 14th day of December, 2020.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE