**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **SYLVESTER SLAY, JR., # 304001,** | * |
| | * |
|     **Plaintiff,** | * |
| | * |
| vs. | * CIVIL ACTION NO. 21-00010-TFM-B |
| | * |
| **KAY IVEY,** *et al.*, | * |
| | * |
|     **Defendants.** | * |

## REPORT AND RECOMMENDATION

Plaintiff Sylvester Slay, Jr., an Alabama state prisoner proceeding *pro se*, filed a complaint seeking relief under 42 U.S.C. § 1983 and a motion to proceed without prepayment of fees in the Middle District of Alabama. (Docs. 1, 2). This case was transferred to the Southern District of Alabama on January 6, 2021. (Docs. 3, 4, 5). It has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R) for consideration and disposition or recommendation on all appropriate pretrial matters. Upon review, the undersigned recommends that this action be **DISMISSED without prejudice**, prior to service of process, as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I.**    **Legal Standards for Screening a Complaint for Maliciousness.**

Because Slay seeks to proceed *in forma pauperis*, the Court has conducted an initial screening of his complaint (Doc. 1)

pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]  That section requires the dismissal of an *in forma pauperis* prisoner action if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

An action may be deemed malicious under § 1915(e)(2)(B)(i) when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs it under penalty of perjury, as such a complaint is an abuse of the judicial process that warrants dismissal without prejudice as malicious.  See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming the counting of an action that was dismissed for abuse of the judicial process because the inmate lied under penalty of perjury about the existence of a prior lawsuit as a strike under 28 U.S.C. § 1915(g)), overruled on other grounds by Jones v. Bock, 549 U.S. 199, 215-17 (2007); see also Schmidt v. Navarro, 576 F. App'x 897, 898-99 (11th Cir. 2014) (per curiam) (finding that the district court did not abuse its discretion in dismissing prisoner's complaint without prejudice for failing to disclose two previously dismissed federal actions on his complaint form); Sears v. Haas, 509 F. App'x 935, 935–36

---

[1] "[U]nder § 1915(e), district courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike."  Taliaferro v. United States, 677 F. App'x 536, 537 (11th Cir. 2017), cert. denied, 138 S. Ct. 338 (2017).

(11th Cir. 2013) (per curiam) (affirming dismissal of prisoner's action without prejudice where, in a complaint signed under penalty of perjury, the inmate failed to disclose a case filed just five months before and another case dismissed years earlier for failure to state a claim); Harris v. Warden, 498 F. App'x 962, 964 (11th Cir. 2012) (per curiam) (affirming dismissal of action without prejudice for abuse of the judicial process when the inmate failed to disclose the type of cases the complaint form required him to disclose); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132 (11th Cir. 2012) (per curiam) (affirming dismissal of an inmate's action without prejudice when he avowed on the complaint form under the penalty of perjury that he had never had an action dismissed prior to service of process, even though he had at least one), cert. denied, 569 U.S. 960 (2013); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (per curiam) (affirming the dismissal of an inmate's action without prejudice when he filed a complaint signed under penalty of perjury and did not disclose a prior lawsuit relating to his imprisonment or conditions of imprisonment when the complaint form asked for the disclosure of such lawsuits).

When an action is subject to dismissal without prejudice as malicious, the Court must consider whether the action may be re-filed. See Schmidt, 576 F. App'x at 898-99 (affirming the dismissal without prejudice of an action for the plaintiff's failure to disclose prior lawsuits because the statute of

limitations had not expired and the complaint could be refiled). When the statute of limitations has expired, a dismissal without prejudice is tantamount to a dismissal with prejudice because the plaintiff is unable to refile a viable action, and the court must then consider lesser sanctions. See Stephenson v. Warden, Doe, 554 F. App'x 835, 837 (11th Cir. 2014) (per curiam); Hines v. Thomas, 604 F. App'x 796, 800 (11th Cir. 2015) (per curiam). In Alabama, the statute of limitations for filing a § 1983 action is two years. Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc); see Ala. Code § 6-2-38(l).

**II. Analysis.**

Slay initiated this action by filing a complaint and motion to proceed without prepayment of fees in the Middle District of Alabama on November 23, 2020.[2] (Docs. 1, 2). The Middle District of Alabama's complaint form for inmate actions under 42 U.S.C. § 1983 asked Slay whether he had filed any other lawsuits in state or federal court relating to his imprisonment. (Doc. 1 at 1). The form expressly provides that if the answer to that question is yes, the plaintiff is to describe each lawsuit in the space below and, if necessary, describe additional lawsuits on a separate piece of paper using the same format set forth in the complaint. (See

---

[2] Under the mailbox rule, a prisoner's § 1983 complaint is deemed filed on the date it is delivered to prison officials for mailing. Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993). Absent contrary evidence, that date is presumed to be the date on which the prisoner signed the motion. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam).

4

id. at 1-2). Slay denied having filed other lawsuits relating to his imprisonment. (Id.). Slay then proceeded to sign his complaint under penalty of perjury. (Id. at 4).

In screening Slay's complaint under 28 U.S.C. § 1915(e)(2)(B), the Court discovered in its examination of PACER (Public Access to Court Electronic Records)[3] that Slay previously filed at least two other actions relating to his imprisonment, neither of which he disclosed in his complaint, despite being expressly prompted to do so.

First, in Slay v. Tuscaloosa County Jail, No. 1:16-cv-00555-MHH-HNJ (N.D. Ala. 2016), Slay complained that an officer at the Tuscaloosa County Jail, where he was then incarcerated, abused him and caused injury to his back. Slay also complained of his conditions of confinement at the jail, including overcrowdedness and unclean conditions. ECF No. 1. The district court dismissed some of Slay's claims on October 18, 2017, and it dismissed Slay's remaining claims on November 16, 2017 for failure to prosecute. ECF No. 13, 19. Slay appealed to the Eleventh Circuit, but his appeal was dismissed for want of prosecution on July 30, 2018, based on Slay's failure to timely file an appellant's brief. ECF No. 32.

---

[3] The Court takes judicial notice of the case records of other federal courts accessed through U.S. Party/Case Index, PACER Service Center, available at http://pacer.psc.uscourts.gov. See U.S. ex rel. Osheroff v. Humana Inc., 776 F.3d 805, 811 n.4 (11th Cir. 2015) ("Courts may take judicial notice of publicly filed documents," such as documents filed in other courts.)

On November 13, 2020, just ten days before Slay filed the instant lawsuit, Slay filed another lawsuit in the Middle District of Alabama complaining of conditions at Easterling Correctional Facility, where he is currently confined. Specifically, in Slay v. Ivey, No. 2:20-cv-00948-WKW-SRW (M.D. Ala. 2020), Slay alleged "malpractice" with regard to Easterling Correctional Facility's COVID-19 protocols, including poor mask protocol, poor dispensation of soap and hand sanitizer, and lack of social distancing due to overcrowding. ECF No. 1. On January 5, 2021, the magistrate judge in that case recommended dismissal of Slay's lawsuit based on Slay's failure to file necessary financial information as ordered. ECF No. 4.

In the instant complaint, Slay expressly denied having previously begun other lawsuits in state or federal court relating to his imprisonment, despite having previously filed the two § 1983 lawsuits referenced above. (See Doc. 1 at 1). Accordingly, there can be no question that when Slay filed his complaint in this action, he knowingly misrepresented having previously filed no lawsuits relating to his imprisonment and proceeded to falsely declare, under penalty of perjury, that his statements on the complaint form were true and correct. (See id. at 4).

The court's complaint form requests information about prior actions from a prisoner plaintiff to assist in determining whether the prisoner's action is barred under 28 U.S.C. § 1915(g) (the "three-strikes" rule), whether the action is connected to another

action, and whether the plaintiff is familiar with litigating his claims.  See Doctor v. Nichols, 2015 U.S. Dist. LEXIS 124946, at *9-10, 2015 WL 5546397, at *3 (N.D. Fla. Aug. 19, 2015).  When a prisoner fails to provide information about all of his prior actions on the complaint form, a court is deprived of this knowledge and is forced to expend more time and resources than would otherwise be necessary.  Id., 2015 U.S. Dist. LEXIS 124946, at *10, 2015 WL 5546397, at *3.

Moreover, the judicial system is structured so that when a plaintiff files a civil action, he certifies to the court that his signed pleading, "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . is not being presented for any improper purpose, . . . [and] the factual contentions have evidentiary support . . . ."  Fed. R. Civ. P. 11(a) & 11(b)(1) & (3).  The purpose of Rule 11 is to impress on the signer his personal responsibility for validating "the truth and legal reasonableness" of the document he is filing, which assists in conserving the court system's resources and in avoiding unnecessary proceedings.  Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc., 498 U.S. 533, 543, 547 (1991).

Because Slay was not truthful to the Court about his prior litigation on his complaint form, his action is subject to being dismissed as malicious for abuse of the judicial process.  The only reason the undersigned would not recommend dismissing this action without prejudice is if the present action could not be

7

refiled because the two-year statute of limitations for a § 1983 action had expired.

An examination of the complaint reflects that Slay names as Defendants Alabama Governor Kay Ivey, Alabama Department of Corrections Commissioner Jefferson Dunn, and Warden Mary Cook[s] and Deputy Warden Smiley, who are wardens at Fountain Correctional Facility in Atmore, Alabama. (See Doc. 1 at 1-2). Slay alleges in his complaint that he was violently assaulted by at least ten other inmates at Fountain Correctional Facility on August 27, 2020. (Id. at 3). He contends that the incident was the result of overcrowding, understaffing, and lack of security at the facility. (Id.).

Considering that the actions complained of are alleged to have occurred on or about August 27, 2020, there is no question that Slay has the ability to refile his action before the two-year statute of limitations expires, if he elects to do so. Because his claims can be refiled, Slay's action is due to be dismissed without prejudice as malicious.

**III. Conclusion.**

For the foregoing reasons, it is recommended that this action be **DISMISSED without prejudice** prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), because it is malicious.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects

to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **11th** day of **January, 2021.**

                                        **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**